UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-2052

TAJUDIN JARALLAH,

Plaintiff - Appellant,

v.

WARREN THOMPSON; JILL BROWN; MAURICE JENOURE; DINA ZAIKOUK;
DAN KELLY; MAJID ZAGHARI; FRANKLIN SORUCO; ERIK ROBINSON;
TIFFANY BLAKNEY; BOWIE STATE UNIVERSITY; MORGAN STATE
UNIVERSITY; PRINCE GEORGE'S COMMUNITY COLLEGE,

Defendants - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Deborah K. Chasanow, Senior District
Judge.  (8:14-cv-01772-DKC)

Submitted:  December 17, 2015        Decided:  December 21, 2015

Before DIAZ and HARRIS, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Tajudin Jarallah, Appellant Pro Se.   Thomas Patrick Dowd,
LITTLER MENDELSON PC, Washington, DC; Corlie McCormick, Jr.,
OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Thomas Faulk,
Assistant Attorney General, Baltimore, Maryland; Vincent Daniel
Palumbo, Jr., PALUMBO LAW GROUP, LLC, Fort Washington, Maryland,

for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tajudin Jarallah appeals the district court's order entering judgment in Defendants' favor on Jarallah's civil claims against Defendants, including his claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17 (2012) ("Title VII"). We have reviewed the record and find no reversible error. Accordingly, we grant Jarallah's motion to file an informal supplemental brief and we affirm the district court's order.* Jarallah v. Thompson, No. 8:14-cv-01772-DKC (D. Md. Aug. 17, 2015). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

* Although the district court did not apply the hybrid test for determining Title VII joint employment, see Butler v. Drive Auto. Indus., 793 F.3d 404, 408-10, 414-15 (4th Cir. 2015), the record confirms the district court's conclusion that the institutional Defendants were not Jarallah's "employer" under Title VII.